# IN THE COURT OF APPEALS OF IOWA

No. 24-1977
Filed December 17, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHESTER WILLIAM RAVE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Robert D. Tiefenthaler, Judge.

        A criminal defendant appeals his conviction for failing to register as a sex offender. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

        Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

        Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**BULLER, Judge.**

Chester Rave appeals his recidivist conviction for failure to register as a sex offender.  He challenges the State's proof regarding the validity of the underlying sex offense and the district court's refusal to hold a second, bifurcated trial on the question of his prior registry-violation conviction.  We find there was sufficient evidence regarding whether Rave was required to register.  But the court erred by denying Rave a bifurcated trial after it agreed to follow that procedure.  We affirm in part, reverse in part, and remand with directions.

## I.       Background Facts and Proceedings

Law enforcement was tipped off that Rave was required to register as a sex offender and was living in a Sioux City apartment without registering in June 2024.  The last address Rave had listed on the registry was in Nebraska.  And the sheriff's office employee who manages the sex-offender registry testified that Rave was required to register in Iowa and had not updated his Iowa registry since 2014.

A detective obtained and watched two-to-three weeks of video surveillance footage from the apartments showing Rave coming to and going from the apartment building.  The detective also determined Rave was receiving mail at that address.

In a police interview, Rave admitted he had been living at the apartment "off and on."  Judicial and administrative records showed Rave had previously registered multiple times in Iowa and had agreed in writing that he was required to register under Iowa law.  Court records established that his prior conviction was in Nebraska, for sexual assault of a minor in the first degree in 2006.  And a transcript

of Rave's 2014 guilty plea to violating the registry showed he knew he was required to register in Iowa.

The county attorney charged Rave with failure to register as a sex offender—second offense, a class "D" felony in violation of Iowa Code sections 692A.104 and 692A.111(1) (2024). Rave waived jury and demanded a "bifurcated" or second trial, separating the present offense from the enhancement for the prior conviction. In response, the assistant county attorney acknowledged the request and sought only to admit exhibits related to the prior convictions to show Rave's knowledge he was required to register. At the end of the bench trial on the present offense, the court announced:

> If the Court were to find the defendant guilty with regards to the failure to register, then a separate trial, obviously, will be scheduled with regards to the prior—the prior convictions, obviously, unless the defendant stipulates to those. That's not a decision we have to make today.

In a single verdict issued about a month later, the district court found Rave guilty of the present offense (failing to register at the Sioux City apartment) and that the State had proven the prior conviction for failing to register, without a bifurcated trial. The record does not disclose any stipulation by Rave, and he asserted in a post-trial motion that the court should not have adjudicated the prior conviction without a second trial. The State did not respond to that claim in its resistance. And the court orally denied the motion in arrest and proceeded to sentence Rave to prison, then suspended his sentence. He appeals.

## II. Discussion

Rave raises two issues: he challenges the sufficiency of the evidence that he was required to register as a sex offender and the implicit denial of his request

for a bifurcated trial on the prior-convictions questions. We consider each claim under the appropriate standard of review.

### A. Sufficiency of the Evidence

We review sufficiency-of-the-evidence claims for correction of errors at law. *See State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). "In determining whether the [factfinder]'s verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Id.* (citation omitted). We do not substitute our view of the evidence for that of the factfinder. *See State v. Hernandez*, 20 N.W.3d 502, 507–08 (Iowa Ct. App. 2025) (en banc).

Rave first contends that the district court should have acquitted him because there was insufficient evidence the underlying original sex offense required that he register as a sex offender. The State offers two responses: (1) challenging the underlying conviction in this fashion is an impermissible collateral attack; and (2) there was sufficient other evidence Rave was required to register as a sex offender.

As for the State's first argument, we recognize the General Assembly tasked the department of public safety with determining whether one must register as a sex offender and established a procedure by which a person may apply for such a determination. Iowa Code § 692A.116(1)–(3). In other words, the statutory scheme places the initial determination of whether a person must register with the department of public safety, rather than the courts. But, for purposes of this

appeal, we bypass whether this renders Rave's attack impermissibly collateral and leave that question for another day.

Assuming without deciding we can reach the merits, we conclude this record contains substantial evidence Rave was required to register as a sex offender. During the plea colloquy from his prior registry-violation case, Rave admitted he was required to register:

> COURT: [Y]ou have been convicted of a crime that requires you to register as a sex offender in Iowa; true?
> DEFENDANT: Yes.
> COURT: And what is that particular offense?
> DEFENDANT: Sexual assault in the first degree.
> COURT: Okay. And that was from Iowa or Nebraska?
> DEFENDANT: Nebraska.

This was likely sufficient evidence on its own for the required-to-register element, as it was an admission made in open court. *See* Iowa R. Crim. P. 2.21(4). But even if more was required, the State admitted documents Rave signed admitting he knew he needed to register, Rave's original registration in which he agreed to needed to register, the Iowa Division of Criminal Investigation case file for the prior failure-to-register offense, and docket information and court records from Nebraska (where the underlying conviction originated). Rave also stipulated to the minutes of testimony in the prior failure-to-register case, which included much of this same information. And, at the conclusion of that case, the court admonished Rave that, "Should you ever return to the state of Iowa, you'll be required to register as a sex offender for the rest of your life." There was substantial evidence from which a reasonable factfinder could determine Rave was required to register in Iowa.

Last, we offer one additional observation about the required-to-register element of the offense here.  Regardless of the original underlying sex conviction in Nebraska,[1] Rave's July 2014 prior conviction for failing to register triggered an additional ten-year registration period that encompassed the date of the offense at issue in this appeal.  *See* Iowa Code § 692A.106(4).  This means that, even if the underlying sex-offense did not warrant his placement on the registry for purposes of this offense, his 2014 conviction did.

## B. Bifurcated Trial

As set forth earlier in this opinion, the procedural posture relating to the bifurcation issue is quite unusual.  Rave asked for a bifurcated trial and, at least initially, the district court agreed that "obviously" a bifurcated trial would be held unless Rave stipulated.  Rave never stipulated, and yet the district court found him guilty of the prior offense without a bifurcated trial.

Given this confused record, the State on appeal questions whether error was preserved.  We think it was.  First, at a basic level, Rave obtained a ruling on the bifurcation issue when the court initially agreed that "obviously" bifurcation was appropriate if he did not stipulate to the prior conviction.  That the court deviated from its original ruling doesn't negate that Rave made his demand known and the court agreed to honor it.  Second, Rave raised the issue by motion in arrest of judgment, and the court orally denied the motion in its entirety.  Admittedly, the court's exact reasoning for denying the motion leaves us scratching our heads a bit—no basis, beyond reference to the written verdict, was given.  But what matters

---

[1] At least some record evidence from this trial suggested Rave was no longer required to register in Nebraska due to the original offense.

is that Rave obtained a ruling, even if the court's reasoning was sparse (or absent). *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012). Finding error at least minimally preserved, we consider the merits, which we review for correction of errors at law. Iowa R. App. P. 6.907.

The rules of criminal procedure contemplate bifurcated trials for prior convictions when a criminal defendant does not stipulate. *See* Iowa R. Crim. P. 2.19(8). The supreme court has applied this bifurcation procedure to both trial by jury and trial to the bench. *State v. Johnson*, 770 N.W.2d 814, 825–26 (Iowa 2009). And the supreme court has applied this procedure to the prior-conviction element of this very offense. *State v. Coleman*, 907 N.W.2d 124, 147 (Iowa 2018). We don't see any wiggle room by which the district court could have decided the bifurcated-trial procedure need not be followed here, given the court's initial agreement to afford Rave that procedure.

In its appellate brief, the State suggests that perhaps there was no error because there is no real issue as to identity or whether Rave had the assistance of counsel when judgment on the prior offense was rendered. We do not see this as a valid basis to depart from *Johnson* and related cases, which make clear that part of the purpose in bifurcating is to sequester the factfinder from detailed evidence regarding the prior convictions during the guilt phase for the present offense. 770 N.W.2d at 825–26. Nor do we find Rave's stipulation to the pre-sentence investigation report cures the district court's failure to honor his right to a bifurcated trial.

We recognize Rave may not be prejudiced in the sense that, even after a remand, a bifurcated trial on the prior offense may nonetheless result in conviction.

But we find the due-process principles embodied in the rules and case law entitled Rave to the bifurcated proceeding. We thus conclude, given the peculiar state of this record, it was error for the district court to promise to honor Rave's timely request for a bifurcated trial only to ignore that request and summarily find guilt on that issue using evidence admitted during trial on the present offense. We therefore vacate the conviction for failure to register as a sex offender—second or subsequent offense—and the resulting sentence, and we remand with directions for the district court to either proceed with the bifurcated trial or engage Rave in proper colloquy to obtain a stipulation to the prior offense.

### III.  Disposition

We affirm the finding Rave violated the sex-offender registry but vacate the finding that he had a prior failure-to-register conviction. We reverse and remand with directions for either the second phase of the bifurcated trial or a proper colloquy and stipulation, followed by re-sentencing.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**